UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

WILLIAM B. HUNTER                                                                                      Plaintiff

v.                                                                              Civil Action No. 3:19-cv-557-RGJ

UNITED STATES OF AMERICA                                                                     Defendant

\* \* \* \* \*

## **MEMORANDUM OPINION & ORDER**

Defendant, the United States of America moves to dismiss this action. [DE 9]. Pro Se Plaintiff, William B. Hunter ("Hunter"), did not respond and the time for doing so has passed. For the reasons below, the motion is **GRANTED**.

### BACKGROUND

Hunter filed this action pro se against the United States for "the unauthorized retention" of funds "from his personal investment account to the United States' agent, the Internal Revenue Service ["IRS"]. . . as 'income' tax." [DE 1, Compl. at 2]. Hunter received a distribution from his retirement account in the amount of $75,577.19 for the year 2011. [DE 1-2]. The IRS withheld $14,715.44 of the distribution as federal income tax. *Id*. Hunter received a Form 1099-R showing this distribution and withheld tax. *Id*. Hunter filed an individual income tax return Form 1040 for 2011, claiming no income and no tax liability, but showing he should receive the withheld tax as a refund. [DE 1-3 at 1-2]. The IRS determined Hunter's Form 1040 was frivolous and denied his claim for a refund. [DE 1-4].

Several years later, in 2016, Hunter demanded a refund from the IRS for the tax withheld from his retirement distribution in 2011. [DE 1-7, DE 1-8, DE 1-9]. When the IRS did not respond to Hunter's "Claim for Refund, Attempt to Exhaust Administrative Remedies and Obtain Waiver

of Sovereign Immunity," he claimed the IRS to be in default, thus owing him the refund. [DE 1-8; DE 1-9; DE 1-11].

In 2019, Hunter filed this action. Hunter cites 26 U.S.C. § 7433 as the basis of jurisdiction and the basis of his claim and alleges that administrative remedies have been exhausted. [DE 1 at 1]. Hunter also asserts the United States' refusal to return the funds constitutes theft by conversion, violates his Fourth Amendment right to be secure from unreasonable seizure, and violates his Fifth Amendment right to due process. [*Id.*, at 2, 7]. Hunter seeks a judgment for the funds, plus interest, costs, an injunction barring the IRS from contacting Hunter, and any other damages to which his is entitled. [*Id.*]

The United States moved to dismiss under Federal Rules of Civil Procedure (FRCP) 12(b)(1), for lack of subject matter jurisdiction, and FRCP 12(b)(6), for failure to state a claim upon which relief may be granted. [DE 9]. The United States argues Hunter's claims are barred by the sovereign immunity of the United States, Hunter's complaint fails to state a claim upon which relief can be granted, and Hunter's requested relief is barred by the Anti-Injunction and Declaratory Judgment Acts.

## STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the Complaint. Fed. R. Civ. P. 12(b)(1). Generally, Fed. R. Civ. P. 12(b)(1) motions fall into two categories: facial attacks and factual attacks. Fed. R. Civ. P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994). In a facial attack, the Defendant asserts that the allegations in a Complaint are insufficient on their face to invoke federal jurisdiction. *Id.* By contrast, in a factual attack, the Defendant disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction and the Court is free to weigh the

evidence. *Id*. Plaintiff has the burden of proving subject matter jurisdiction to survive a motion to dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala,* 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To properly state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers*, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an

insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

## DISCUSSION

The United States argues Hunter's claims are barred by the sovereign immunity of the United States, Hunter's complaint fails to state a claim upon which relief can be granted, and Hunter's requested relief is barred by the Anti-Injunction and Declaratory Judgment Acts.

A. <u>Sovereign Immunity and Subject Matter Jurisdiction.</u>

The United States asserts the Court lacks subject matter jurisdiction. It argues that the United States has sovereign immunity from suit and that no waiver of this immunity applies to Hunter's suit. The United States is immune from suit under the doctrine of sovereign immunity except for cases in which the United States has expressly waived sovereign immunity. *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be express, not implied, and must be strictly construed in favor of the United States. *United States v. Idaho*, 508 U.S. 1, 6-7 (1993); *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992); *United States v. King*, 395 U.S. 1, 4 (1969). The party suing the United States has the burden of identifying an express waiver of sovereign immunity. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).

For tax disputes, the United States has waived sovereign immunity to suit in two specific types of matters. The first waiver of sovereign immunity arises under 26 U.S.C. § 7422, allowing taxpayers who seek a refund for an overpayment of taxes to sue after they have exhausted their

administrative remedies. Hunter does not allege that he is seeking a refund for an overpayment of taxes under § 7422. Thus, this waiver is inapplicable.[1]

The second waiver arises under 26 U.S.C. § 7433, allowing taxpayers to sue the United States "[i]f, in connection with *any collection* of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title." Hunter alleges the Court's original jurisdiction under 26 U.S.C. § 7433. [DE 1 at 1]. But Hunter does not allege that "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title." Hunter's complaint is thus insufficient on its face to establish waiver of sovereign immunity and jurisdiction under 26 U.S.C. § 7433.

Hunter also alleges in this complaint that the IRS wrongly determined that he owed another sum of $7,917.56, plus penalties. [DE 1 at 3]. But 26 U.S.C. § 7433 does not waive sovereign immunity for damages for violations made during "the assessment or tax determination part of the process." *Hohman v. Eadie*, 894 F.3d 776, 781–82 (6th Cir. 2018) (quoting *Miller v. United States*, 66 F.3d 220, 222 (9th Cir. 1995). Instead, 26 U.S.C. § 7433 applies to the collection process. *Id*. Nor does the waiver extend to actions seeking to enjoin the assessment or collection of taxes. Those actions are denied by the Anti-Injunction Act, 26 U.S.C. § 7421(a). The waiver applies only

---

[1] Even if the Court construed Hunter's claim as one for a tax refund under 26 U.S.C. § 7422, this claim would fail because Hunter did not timely exhaust his administrative remedies. Before suing for tax refund, Hunter needed to file a claim with the IRS for a refund of this tax within three years from the date he filed his tax return or within two years from when he paid the tax, whichever date comes later. 26 U.S.C. §§ 7422(a) and 6511(a). Failure to file a timely claim for a refund leads to a failure to establish a waiver of sovereign immunity and failure to establish subject matter jurisdiction. *United States v. Dalm*, 494 U.S. 596, 602 (1990). Even assuming Hunter's 2011 return was valid, he had until April 27, 2015, three years after the tax return was filed, by which to file a claim with the IRS for his refund. 26 U.S.C. § 6511(a). Hunter's complaint and its attachments show his first alleged attempt to recover the withheld tax did not occur until October 25, 2016, after his time to file a claim with the IRS had passed. [DE 1-7].

to claims of employee misconduct during collection proceedings. If Hunter's claims pertain to the tax determination process, Congress has not waived sovereign immunity for those types of claims. *Yedlick v. Comm'r, IRS*, No. 1:19 CV 2139, 2020 WL 364245, at *3 (N.D. Ohio Jan. 21, 2020). Thus, the Court would not have subject matter jurisdiction over that aspect of Hunter's claim.

    B. <u>Whether Hunter has stated a claim upon which relief can be granted</u>.

Besides failing to establish subject matter jurisdiction, Hunter fails to state a claim upon which relief can be granted. He alleges that "Title 26 has not been enacted into positive law," and "[t]here is no statute in title 26 which imposes liability for an income tax." [DE 1 at 2]. The Sixth Circuit, however, has rejected this argument as "frivolous" and confirmed that 26 U.S.C. § 1 imposes liability for income tax. *Hackett v. Comm'r*, 791 F.2d 933 (6th Cir. 1986); *United States v. Kramer*, No. 17-3900, 2018 WL 1954260, at *2 (6th Cir. Apr. 5, 2018), *cert. denied*, 138 S. Ct. 2640, 201 L. Ed. 2d 1030 (2018), *reh'g denied*, 139 S. Ct. 315, 202 L. Ed. 2d 208 (2018).

Hunter also alleges that the IRS's refusal to return the tax is theft by conversion and violates his Fourth and Fifth Amendment rights. But as discussed above, Congress has waived the United States' sovereign immunity from suits for unlawful tax collection, and created a federal cause of action for civil damages associated with such collections. *See* 26 U.S.C. § 7433(a). The Sixth Circuit has recognized that a civil action under 26 U.S.C. § 7433 is a taxpayer's exclusive remedy for unlawful tax collection actions. *Sachs v. United States*, 59 Fed. App'x 116, 120 (6th Cir. 2003)(holding that taxpayers may not bring a Bivens action against revenue agents for violating their Fourth Amendment rights because 26 U.S.C. § 7433 provides the exclusive remedy for recovering damages for such actions). The Court must construe Hunter's allegations as an action under 26 U.S.C. § 7433, which is his exclusive remedy, and Hunter's conversion and Fourth and Fifth Amendment claims are thus not valid claims for which relief may be granted.

Finally, 26 U.S.C. § 7421 of the Anti-injunction and Declaratory Judgment Act of the Internal Revenue Code provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421. The effect of the Anti-Injunction Act is "to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes . . . permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5–6 (1962). As a result, to the extent that Hunter seeks injunctive relief, the request is barred by the Anti-Injunction Act. See *Beerbower v. United States*, No. 85-1034, 1986 U.S. App. LEXIS 19515, at *8, 1986 WL 16750 (6th Cir. 1986).

## CONCLUSION

For the reasons stated above, the Court grants the United States' Motion to Dismiss [DE 9] because it lacks subject matter jurisdiction and the complaint fails to state a claim upon which relief can be granted. The Court will enter separate judgment.